UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KULEANA, LLC, a Washington
limited liability company and
HAROLD E. JOHNSON, a single man,

       Plaintiffs,

   v.

DIVERSIFIED WOOD RECYCLING,
INC., a Washington Corporation,

       Defendant.

NO. CV-09-114-EFS

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS, ENTERING
JUDGMENT, AND CLOSING FILE**

Although the legal test for determining whether private conduct can be the basis for a 42 U.S.C. § 1983 lawsuit is multilayered, the answer is straightforward in this case - the Complaint's allegations fail to satisfy either requirement of § 1983: 1) the first element's state-action requirement and 2) the second element's under-color-of-law requirement. Therefore, for the reasons given below, the Court grants Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Ct. Rec. 26) and denies as moot Plaintiffs' Motion for Summary Judgment on Civil Rights Claim (Ct. Rec. 22). All pending motions and hearings, including the August 11, 2009 hearing,[1] are stricken.

---

[1] These motions were noted for hearing with oral argument. Upon review, the Court finds oral argument is unwarranted. LR 7.1(h)(3).

ORDER * 1

**A.    Background**[2]

Confusion resulting from a father and son having identical names is at the root of this lawsuit.  Plaintiff Harold E. Johnson ("Harold") is the father of Third-Party Defendant Harold E. Johnson ("Hal").  (Ct. Rec. 3 ¶ 3.1.)   Hal lives in the Spokane area.   *Id.*   Harold lives in California, although he owns property near the Spokane River, which was divided into two parcels - one to develop (the PUD Parcel), and the other to build a home (the Ranch Parcel).  *Id.* ¶¶ 3.1, 3.3, & 3.4.

Hal solely owns NWI, a construction company, and serves as NWI's general contractor.  *Id.* ¶ 3.2  Harold entered into an Owner/Contractor Agreement with NWI to improve PUD Parcel infrastructure.  *Id.* ¶ 3.5.  Hal hired Diversified, a corporation owned by Timothy Davison, to do land clearing work on the PUD Parcel.  *Id.* ¶ 3.7. Diversified engaged in land clearing work and submitted invoices to Hal; however, Hal did not pay the invoices because he believed that Diversified was to do the land clearing work in exchange for the removed marketable timber.  *Id.* ¶ 3.8.

Diversified filed a mechanic's lien against the PUD Parcel, giving notice to Hal and NWI, rather than Harold or Kuleana, a business entity created by Harold on professional advice and to which the PUD Parcel title was transferred on January 5, 2007, and recorded on February 2, 2007.  *Id.* ¶¶ 3.10, 3.11, & 3.12.   On March 2, 2007, Diversified filed a claim of lien, which included the legal description for both the PUD

---

[2]  A similar background was contained in the June 25, 2009 Order Granting Plaintiffs' Motion to Strike Defendant's Purported Third-Party Complaint (Ct. Rec. 30); however, the Complaint's factual allegations are central to the dismissal analysis.

ORDER * 2

Parcel owned by Kuleana and the Ranch Parcel owned by Harold, with the Spokane County Auditor's office. *Id.* ¶ 3.14. This claim of lien was neither served on Kuleana nor Harold. *Id.* ¶ 3.15. Then, on May 16, 2007, Diversified filed a Complaint for Judgment and Foreclosure of Lien against Hal and his wife in Spokane County Superior Court. *Id.* ¶ 3.17. Neither Kuleana nor Harold were named as defendants nor served with the complaint. *Id.* ¶ 3.18.

In summary, neither Kuleana nor Harold received notice of the mechanic's lien and related proceedings until April 2008, when Hal asked Harold to travel to Spokane to appear as a witness at the county trial. *Id.* ¶ 3.24. Diversified prevailed at the trial, and the Spokane County Superior Court entered a Judgment and Decree Foreclosing Claim of Lien on June 13, 2008. *Id.* ¶ 3.26. Judgment in the amount of $67,569.57 was entered, including the underlying invoiced amount, prejudgment interest, and attorneys fees. *Id.* Kuleana and Harold engaged counsel and filed motions to intervene and to vacate the judgment and decree. *Id.* ¶ 3.28. The motions were denied. *Id.* ¶ 3.29. Plaintiffs' appeal to the Washington Court of Appeals is pending. *Id.*

Plaintiffs filed this 42 U.S.C. § 1983 lawsuit on April 13, 2009, asserting Diversified violated their Fourteenth Amendment due process rights by initiating and pursuing the statutory lien and foreclosure procedures against their real property without notice. (Ct. Rec. 1.)

**B.  Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**

Diversified seeks dismissal of Plaintiffs' sole 42 U.S.C. § 1983 cause of action on the grounds that the Complaint's factual allegations fail to satisfy § 1983's state-action and under-color-of-law

ORDER * 3

requirements.  Plaintiffs oppose the motion, contending that sufficient state action is present under the alleged facts.

1.  Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

2.  Analysis

Section 1983 states:

> Every person who, under color of any statute, . . . . , of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To prevail, a plaintiff must establish § 1983's two elements: 1) the deprivation of a right secured by the U.S. Constitution or laws, and 2) the deprivation of that right was accomplished by the

defendant acting under color of a state statute. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

    a.   *Deprivation of a Constitutional Right*

In relation to the first § 1983 element, Plaintiffs allege that their Fourteenth Amendment due process right was violated: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const., amend. XIV. Yet, the Fourteenth Amendment is only violated by conduct that is "fairly attributed" to state action, not private action.[3] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Shelley v. Kraemer*, 334 U.S. 1 (1948). While the state-action requirement is an easily-stated principle, the determination of whether private conduct is fairly attributed to the state is challenging. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972).

A two-pronged approach is used to determine whether a private party's conduct can be fairly attributed to the state. *Lugar*, 457 U.S. at 937. First, the deprivation must be caused by a) the exercise of a state-created right or privilege, b) by a rule of conduct imposed by the state, or c) by a person for whom the state is responsible. *Id*. This first prong is termed the state-policy requirement. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989). Second, the party charged with the deprivation must be a person who may fairly be said to

---

   [3] The "state action" requirement is faithfully adhered to in order to ensure that a state does not incur liability for conduct it could not control. *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982).

ORDER * 5

be a state actor because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. *Lugar*, 457 U.S. at 937. This second prong is termed the state-actor requirement. *Collins*, 878 F.2d at 1151.

Here, the state-policy requirement is not satisfied. Plaintiffs allege that their procedural due process deprivation was caused by Diversified's filing of a claim of lien and foreclosure of that lien by the state superior court on property owned by Plaintiffs without adequate notice to them. (Ct. Rec. 1 ¶ 3.26.) Plaintiffs do not challenge the constitutionality of Washington's lien and foreclosure procedures, but rather allege that Diversified misused Washington's lien and foreclosure proceedings - misuse that was permitted by the Washington state court. This is not enough. "State policy is not implicated when an injured party claims that a private party has violated a constitutional . . . procedural statute in the course of depriving the injured party of his property." *Roudybush v. Zabel*, 813 F.2d 173, 177 (8th Cir. 1987). "To hold otherwise would open the door wide to every aggrieved litigant in a state court proceeding[], and set the federal courts up as an arbiter of the correctness of every state decision." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209 (9th Cir. 2005) (quoting *Bottone v. Lindsley*, 170 F.2d 705, 707 (10th Cir. 1948)). *See Gonzalez-Morales v. Hernandez-Arcencibia*, 221 F.3d 45, 51 (1st Cir. 2000) ("Gonzalezes allege nothing more than improper motives and misrepresentations on the part of Hernandez and an incorrect assessment of evidence by the Puerto Rico court. . . . As a result, the § 1983 complaint against Hernandez was properly dismissed for lack of state action."); *Lennon v. Overlook Condo. Ass'n*, 2008 WL 2042636, *5 (D. Minn. 2008).

ORDER * 6

In addition, the second requirement - the state-actor requirement - is lacking.  A number of tests, including the joint action test, have been articulated to determine whether a private party may fairly be said to be a state actor, but these tests or factors are by no means comprehensive.[4]  The ultimate question is whether there is such a "'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tenn. Secondary Sch. Athletics Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson*, 419 U.S. at 351)).  "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961).

Plaintiffs rely on the joint action test, but also emphasize the fact-based nature of the "fair attribution" requirement.  To satisfy the joint action test, it must be established that the state and private party were partners or joint venturers in the unconstitutional conduct. *Burton*, 365 U.S. at 725.  This can be done by showing that the private party either 1) conspired with the government official or 2) was a willful participant in joint action with the state or its agents.  *See Lugar*, 457 U.S. at 942; *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Collins*, 878 F.2d at 1154; *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).  Because the Complaint's factual allegations control at this

---

[4]    The Supreme Court has not decided "[w]hether these different tests are actually different in operation or simply different ways of characterizing the necessarily fact-bound inquiry that confronts the Court in such a situation . . . ." *Lugar*, 457 U.S. at 939.

ORDER * 7

stage, *see Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982), the Court focuses on the state action allegations:

- Diversified "persisted with its lien foreclosure action despite knowing that it had sued non-owners of the property identified by its Claim of Lien.  Neither a lien nor attorney fees would have been available to Defendant had it pursued only a contract action against Hal Johnson and/or NWI" (Ct. Rec. 1 ¶ 3.22);

- even though the trial court was made aware of the defects in Diversified's "prosecution of its lien foreclosure action - including the fact that they did not own the subject property - the Superior Court nonetheless, at the urging of the Defendant, entered a Judgment and Decree Foreclosing Claim of Lien on June 13, 2008" (Ct. Rec. 1 ¶ 3.26);

- the superior court denied Harold Johnson leave to intervene (Ct. Rec. 3.29); and

- "[Diversified's] foreclosure of a lien against Plaintiffs' property without due process of law is fairly attributable to the state where the deprivation was accomplished with the essential participation of the Superior Court, which entered a judgment and decree ordering sale of the property in the form proposed by Defendant and at the Defendant's urging, despite its notice of the procedural infirmities and denial of due process to the Plaintiffs" (Ct. Rec. 1 ¶ 4.5).

As the Supreme Court has made clear, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Accordingly, the Court need not accept as true Plaintiffs' legal assertions in ¶ 4.5 that "[Diversified's] foreclosure of a lien against Plaintiffs' property without due process of law is fairly attributable to the state where the deprivation was accomplished with the essential participation of the Superior Court . . . ."  (Ct. Rec. 1.) Rather, the Court must focus on the factual allegations and accept those as true.  When focusing merely on the factual allegations, the Court finds that they do not satisfy the joint action test.

ORDER * 8

Plaintiffs have not alleged a conspiracy; accordingly, they must demonstrate that Diversified was a willful participant in a joint action with the state court. Wilful participation requires a substantial degree of cooperative action. *See Collins*, 878 F.2d at 1154. Although the allegations plausibly show that Diversified's conduct was willful, there are no facts to support a *joint* action or venture between Diversified and the state court. Case law is clear that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28. Plaintiffs' "misuse" factual allegations are insufficient to fairly attribute Diversified's continued lien and foreclosure actions to the state. *See Lugar*, 457 U.S. at 942; *Torres v. First State Bank of Sierra County*, 588 F.2d 1322 (10th Cir. 1978).

Furthermore, the state court proceeding was not a "complete nullity."[5] *Torres*, 588 F.2d at 1326. Although Plaintiffs were allegedly not provided "legal" notice of the proceeding by Diversified, they did learn of the proceeding and sought to intervene. Plaintiffs' motion to intervene was denied by the state court; yet there are no facts

---

[5] The Tenth Circuit stated:

[it] is conceivable that persons, either individually or acting in concert might so use the state judicial process as to deprive a person or his property without due process of law, . . . yet we are certain that to make out a cause of action under the Civil Rights Statutes, the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law.

*Torres*, 588 F.2d at 1326 (quoting *Bottone v. Lindsley*, 170 F.2d 705, 707 (10th Cir. 1948)).

ORDER * 9

establishing that the state court and Diversified cooperated to a substantial degree so as to constitute joint action.

Accordingly, the Court finds Plaintiffs fail to satisfy the state-policy requirement and the joint action test or, more pointedly, fail to allege sufficient facts to show that Diversified's conduct should be fairly attributed to the state of Washington.

b.  *Under Color of Law*

As set forth above, a plaintiff pursuing a § 1983 claim must establish that deprivation of the constitutional right was accomplished by a defendant acting under of color of law.  Because Plaintiffs fail to satisfy the state-action requirement, Plaintiff likewise fails to satisfy the under-color-of-law requirement.  *See Lugar*, 457 U.S. at 935; *Collins*, 878 F.2d at 1148.

3.  Summary

The Court grants Defendant's motion to dismiss because the Complaint fails to allege facts plausibly showing that Diversified's state court action is fairly attributable to the state of Washington, i.e., "state action," and was under color of law.  Plaintiffs' remedy lies in the state court appellate process.

**C.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(Ct. Rec. 26)** is **GRANTED.**

2.  Plaintiffs' Motion for Summary Judgment on Civil Rights Claim **(Ct. Rec. 22)** is **DENIED AS MOOT.**

3.  **Judgment** is to be entered in Defendant's favor.

4.  All hearings and pending dates and deadlines are **STRICKEN.**

ORDER * 10

1    5.    This file shall be **CLOSED.**

2    **IT IS SO ORDERED.**   The District Court Executive is directed to enter

3  this Order and provide a copy to counsel.

4    **DATED** this ___10th_____ day of August 2009.

5

6                        _____S/ Edward F. Shea_____
                                       EDWARD F. SHEA
7                            United States District Judge

8  Q:\Civil\2009\0114.dismiss.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 11